## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LAYBE TORRES,

       Plaintiff,

      v.                                                                      No. CV 08-462 WJ/CEG

CHRIS SANCHEZ, MICHAEL VIGIL,
DENISE SOTO, LISA SULLIVAN, and
JOSEPH SALAZAR,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on "Defendants' First Motion to Dismiss Plaintiff's Complaint and Memorandum in Support Thereof" (docket no. 18), filed May 26, 2009; Defendant Michael E. Vigil's "Motion to Dismiss Complaint" (docket no. 20), filed May 29, 2009; and "Plaintiff's Motion in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint" (docket no. 24), filed June 16, 2009.  Defendants asserts that: (i) Judge Michael E. Vigil ("Judge Vigil") is entitled to absolute immunity in his role as a state district judge; (ii) Denise Soto ("Ms. Soto") and Lisa Sullivan ("Ms. Sullivan") are entitled to absolute immunity in their roles as prosecuting attorneys; and (iii) Plaintiff has failed to allege facts that state a sufficient claim against Chris Sanchez ("Mr. Sanchez") and Joseph Salazar ("Mr. Salazar").  See docket no. 18 at 5-17; docket no. 21 at 7-16.  I agree, and, for the reasons below, recommend that both Motions to Dismiss be granted.

### Background

On or about May 9, 2008, Laybe Torres ("Mr. Torres" or "Plaintiff") filed his original pro se civil rights complaint pursuant to 42 U.S.C. § 1983, naming Judge Vigil, Ms. Soto, Ms.

Sullivan, Mr. Sanchez, and Mr. Salazar as Defendants.  See docket no. 1 ("Plaintiff's original

complaint").  According to Plaintiff's original complaint, Judge Vigil is a District Judge in the

State of New Mexico, Ms. Soto and Ms. Sullivan are or were Assistant District Attorneys in the

State of New Mexico, and Mr. Salazar is or was an Adult Probation and Parole Officer in the

State of New Mexico.  See id. at 2-3.[1]  The Court has determined that Mr. Sanchez is a former

New Mexico State Police officer, though there is no specific indication in Plaintiff's original

complaint.  See, e.g., id. at 1-13.

The allegations in Plaintiff's original complaint stem from a series of state court

convictions entered against Plaintiff.[2]  On July 27, 1999, Mr. Torres was convicted of

misdemeanor criminal damage to property in Española Magistrate Court for setting fire to a

dwelling belonging to an individual named Ralph Medina ("Mr. Medina").  Plaintiff appealed

this ruling to the First Judicial District Court for the State of New Mexico, which upheld the

conviction.  See State v. Torres, D-117-CR-9900659 (1st Jud. Dist. Ct. N.M.) (the "fire case").

Mr. Medina, according to Defendants, testified against Mr. Torres in the trial of the fire case.

See docket no. 18 at 1.  Plaintiff was later tried and convicted of witness intimidation in violation

of NMSA 1978 § 30-24-3(B), after Mr. Torres allegedly sent a threatening letter to Mr. Medina.

See State v. Torres, D-117-CR-200000042 (1st Jud. Dist. Ct. N.M.) (the "witness intimidation

case").  Mr. Torres' conviction was reversed on appeal, but he was later re-convicted after a new

---

[1]  The thirteen pages of Mr. Torres' original complaint are not numbered consecutively, but for the purposes of this report, they are numbered consecutively 1 through 13 and are referred to accordingly.

[2]  The Court has determined many of the background facts regarding Plaintiff's previous convictions via the Tenth Circuit's published opinion in Torres v. Lytle, 461 F.3d 1303, 1314 (10th Cir. 2006).

trial and the second conviction was affirmed on appeal.  Following this second conviction,

Plaintiff filed a federal habeas corpus petition with this Court.  See Torres v. Lytle, No.

CV-02-1397 (D.N.M.) (hereinafter the "habeas case").  As stated in Plaintiff's original

complaint, the District Court denied Mr. Torres' habeas petition, and he appealed to the United

States Court of Appeals for the Tenth Circuit.  Following a remand by the appellate court and a

second denial of his habeas petition by this Court, Plaintiff again appealed to the Tenth Circuit.

The Tenth Circuit ultimately granted a certificate of appealability, concluding that the evidence

presented against Mr. Torres was insufficient to convict him of witness intimidation.  Torres v.

Lytle, 461 F.3d at 1314.  The Tenth Circuit's published opinion notes that Plaintiff had

"indisputably committed a reprehensible act" in sending the threatening letter to Ralph Medina,

but indicates that the statute under which Plaintiff was convicted in the witness intimidation case

provided:

> Retaliation against a witness consists of any person knowingly
> engaging in conduct that causes bodily injury to another person or
> damage to the tangible property of another person, or threatening
> to do so, with the intent to retaliate against any person for any
> information relating to the commission or possible commission of
> a *felony offense*.

Id. at 1304 (citing NMSA 1978 § 30-24-3(B)) (emphasis added in original).  Thus, the Tenth

Circuit found that the evidence showed only retaliation for Ralph Medina's testimony

concerning the misdemeanor, as opposed to the felony, criminal damage to property offense for

which Mr. Torres was convicted in the fire case.  Id.

        In his original compliant, Plaintiff claims he was "wrongfully charged, wrongfully

arrested, wrongfully prosecuted, wrongfully convicted, and wrongfully imprisoned" in violation

of his due process rights because "[t]he United States Court of Appeals for the Tenth Circuit

ruled that there was insufficient evidence to sustain the conviction . . ."  Plaintiff's original

complaint at 9.  Mr. Torres has sued Judge Vigil, who, according to Defendants, presided over

both the fire case when it was appealed from the magistrate court to the district court, as well as

the trial and re-trial phases of the witness intimidation case.  He has also sued Ms. Sullivan and

Ms. Soto, the Assistant District Attorneys whom Mr. Torres claims prosecuted him at various

stages in the witness intimidation case.[3]  With respect to Mr. Sanchez, the only allegation against

him is that he "sent [the threatening] letter to [a] crime lab in Santa Fe for an opinion as to who

wrote the letter" and that an employee of the crime lab compared the writing with other

documents allegedly written by Mr. Torres, determined that Mr. Torres had written the

threatening letter, and sent it back to Mr. Sanchez, who turned the case over to Ms. Sullivan in

the District Attorney's Office for prosecution.  Plaintiff's original complaint at 4.

On April 15, 2009, the undersigned ordered "that summons shall be issued and the U.S.

Marshal shall serve the summons and complaint personally on Defendants Chris Sanchez,

Michael Vigil, Denise Soto, Liza Sullivan, and Joseph Salazar . . ."  Docket no. 11.  On May 8,

2009, all named Defendants were served.  See docket nos. 12-16.  On May 26, 2009, Defendants

filed their "First Motion to Dismiss Plaintiff's Complaint and Memorandum in Support

Thereof."  See docket no. 18.  On May 29, 2009, Judge Vigil filed his "Motion to Dismiss

Complaint," along with a Memorandum in support of the Motion.  See docket nos. 20 and 21.

On June 16, 2009, Mr. Torres filed his response to the Motions to Dismiss.  See docket no. 24.

**Legal Standard**

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all

---

[3]  Ms. Sullivan also prosecuted plaintiff in the fire case, according to Defendants.  See
docket no. 18 at 7.

well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  A complaint must be dismissed pursuant to FED. R. CIV. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 550 U.S. at 570).  Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Id.

Since Plaintiff is not an attorney, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Therefore, "if the court can reasonably read the pleadings to state a claim on which Plaintiff could prevail, it should do so despite [Plaintiff's] failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements."  Id.  At the same time, it is not the proper function of the district court to "assume

the role of advocate for the pro se litigant."  Id.

**Analysis**

**A.      Defendant Judge Michael Vigil**

In his original complaint, Mr. Torres indicates that Judge Vigil presided over the trials in

the fire case and the witness intimidation case.  See Plaintiff's original complaint at 3, 5-6.

Plaintiff alleges that Judge Vigil denied Plaintiff's motion for a directed verdict in the witness

intimidation case.  Id. at 6.  Plaintiff also makes the allegations that he was "wrongfully

convicted" and "wrongfully imprisoned."  Id. at 9.  From the facts alleged in Mr. Torres' original

complaint, it is clear that the actions of Judge Vigil of which Plaintiff complains were all taken

within the scope of Judge Vigil's judicial duties.

It is well settled that judges have absolute immunity from liability for damages for acts

committed within the apparent scope of their judicial duties.  See, e.g., Wiggins v. New Mexico

State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981) (internal citations omitted).

Under federal case law, "a judge is immune from a suit for money damages."  Mireles v. Waco,

502 U.S. 9, 9 (1991) (per curiam).  Judicial immunity ensures "that a judicial officer, in

exercising the authority vested in him, shall be free to act upon his own convictions, without

apprehension of personal consequences to himself."  Id. at 10 (internal quotation marks omitted).

See also Stump v. Sparkman, 435 U.S. 349, 355-56 (1978).  "Only accusations that a judge was

not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can

overcome absolute immunity;" bad faith or malice are not sufficient.  Guttman v. Khalsa, 446

F.3d 1027, 1033-34 (10th Cir. 2006) (quotations omitted).

Mr. Torres' allegations pertaining to Judge Vigil are that the Judge presided over his

fire case and witness intimidation case.  The only specific allegation that Mr. Torres makes with respect to either of these cases is that Judge Vigil denied Plaintiff's motion for a directed verdict in the witness intimidation case.  See Plaintiff's original complaint at 6.  Otherwise, Mr. Torres makes the vague allegations that he was "wrongfully convicted" and "wrongfully imprisoned" by Judge Vigil.  Id. at 9.  All of these actions – presiding over criminal trials, denying motions, and sentencing individuals convicted of crimes – however, are activities within the scope of Judge Vigil's judicial duties.  Plaintiff's original complaint does not make the allegation that Judge Vigil was acting outside of his judicial capacity or in absence of his jurisdiction.  See id. at 1-13.  For these reasons, Judge Vigil is entitled to absolute immunity from Mr. Torres' claims, even if, as Plaintiff seems to allege in his response, Judge Vigil's actions were without legal basis.  See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007).  See also Nevitt v. Fitch, 68 Fed. Appx. 180 (10th Cir. 2003).  Thus, Plaintiff's claims against Judge Vigil should therefore be dismissed.

**B.      Defendants Denise Soto and Lisa Sullivan**

Plaintiff's original complaint alleges that Ms. Sullivan presented the witness intimidation case to the "Rio Arriba Grand Jury and an Indictment was returned on a sole count of intimidation of a witness, who was Ralph Medina."  Plaintiff's original complaint at 4-5. Plaintiff states that, after being transported to the First Judicial District for a pre-trial hearing, "the State offered Mr. Torres a plea bargain of 1 to 4 years in prison, plus two years parole;" and that Plaintiff turned down the offer.  Id. at 5.  Plaintiff then alleges that Ms. Sullivan "presented the same case to the Rio Arriba Grand Jury," purportedly in violation of Mr. Torres' due process rights.  Id.  Plaintiff claims he was "re-indicted through superseding indictment on a sole charge of retaliation against a witness."  Id.  Ms. Sullivan then prosecuted the witness intimidation case,

in which Mr. Torres was convicted.  Id.  Following his appeal of this conviction to the New

Mexico Court of Appeals and the remand of the matter, Mr. Torres claims that Ms. Soto

prosecuted the new trial in the witness intimidation case, which again resulted in

Plaintiff's conviction.  Id. at 6.  Ultimately, Plaintiff alleges that he was "wrongfully charged"

and "wrongfully prosecuted."  Id. at 9.

      The acts of Ms. Soto and Ms. Sullivan for which Mr. Torres claims he is entitled

to relief were all performed in the course of the Defendants' employment as prosecuting

attorneys.  It is axiomatic that prosecutors enjoy absolute immunity to liability under 42 U.S.C. §

1983 for actions taken within the scope of their prosecutorial duties.  Arnold v. McClain, 926

F.2d 963, 966 (10th Cir. 1991).  Prosecutors are absolutely immune from damages for their

advocacy and activities "intimately associated with the judicial phase of the criminal process."

Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Van de Kamp v. Goldstein, 129 S.Ct. 855,

860-61 (2009).  "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial

proceedings or for trial, and which occur in the course of his role as an advocate for the State, are

entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273

(1993).

      Absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding.

A prosecutor's purely investigative or administrative acts, on the other hand, are accorded

qualified or "good faith" immunity, as opposed to absolute immunity.  See Van de

Kamp, 129 S.Ct. at 861; Pfeiffer v. Hartford Fire Insurance Co., 929 F.2d 1484, 1490

(10th Cir. 1991) (citing Rex v. Teeples, 753 F.2d 840, 843 (10th Cir.), cert. denied, 474 U.S. 967

(1985)).  A prosecutor may rely on absolute immunity for "the professional evaluation of the

evidence assembled by the police and appropriate preparation for its presentation at trial or

before a grand jury after a decision to seek an indictment has been made." Miller v. Spiers, 434 F.Supp. 2d 1064, 1066 (D.N.M. 2006) (citing Buckley, 509 U.S. at 273). Additionally, absolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his or her role as an advocate. Ellibee v. Fox, 244 Fed. Appx. 839, No. 06-3382, 2007 WL 1776347 (10th Cir. June 21, 2007) (citing Spurlock v. Thompson, 330 F.3d 791, 799 (6th Cir. 2003)).

Mr. Torres raises concern about the plea bargain allegedly offered to him by Ms. Sullivan. See Plaintiff's original complaint at 5. The alleged conduct concerning the plea deal offered to Mr. Torres is protected by prosecutorial immunity, however, as the plea negotiation process is an activity "intimately associated with the judicial process." See, e.g., Pennington v. Penner, 207 F. Supp. 2d 1225, 1236 (D. Kan. 2002) (citations omitted) ("A prosecutor's absolute immunity extends to conduct surrounding plea negotiations"); Ferrer v. Dailey, 104 F.3d 367, No. 96-3155, 1996 WL 731618 (10th Cir. Dec. 20, 1996). A plea bargain offered by a prosecutor merits the protection of absolute immunity. See, e.g., Santobello v. New York, 404 U.S. 257, 260 (1971) ("The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice").

"Immunity attaches to the activity or function and is not dependent on the manner in which it is performed or the motive behind it." Pennington, 207 F. Supp. 2d at 1237 (citing Parkinson v. Cozzoolino, 238 F.3d 145, 150 (2nd Cir. 2001)). "For example, a defense of absolute immunity from a claim for damages must be upheld against a § 1983 claim that the prosecutor commenced and continued a prosecution that was within his jurisdiction but did

so for purposes of retaliation."  <u>Shmueli v. City of New York</u>, 424 F.3d 231, 237 (citations

omitted).  Because Mr. Torres' claims arise out of the actions taken by Ms. Sullivan and Ms.

Soto in their roles as advocates for the State of New Mexico during the pendency of the State's

criminal cases against Plaintiff, Ms. Sullivan and Ms. Soto are entitled to absolute immunity and

Plaintiff's claims against them should be dismissed.

**C.      Defendant Chris Sanchez**

Plaintiff recites a single cause of action against all five Defendants in this case:

"Malicious prosecution in violation of Plaintiff's Due Process of Law, Fourteenth Amendment,

U.S. Constitution, which resulted in illegal confinement of the Plaintiff."  Plaintiff's original

complaint at 10.  Mr. Torres claims he "was wrongfully charged, wrongfully arrested,

wrongfully prosecuted, wrongfully convicted, and wrongfully imprisoned in violation of . . . Due

Process of Law, Fourteenth Amendment of the U.S. Constitution."  <u>Id.</u> at 9.  Plaintiff, however,

has not alleged facts that can sustain such a cause of action against Mr. Sanchez, a former New

Mexico State Police officer.

Plaintiff does not allege in his original complaint that Mr. Sanchez actually arrested

Plaintiff in connection with the witness intimidation case.  Instead, Plaintiff alleges that Ralph

Medina "reported an alleged threat [in the form of the intimidation letter] to defendant Chris

Sanchez," and that Mr. Sanchez sent the letter to a crime lab in Santa Fe.  <u>Id.</u> at 3-4.  Upon

confirming that Plaintiff had indeed written the threatening letter, Officer Sanchez turned the

case over to Assistant District Attorney Ms. Sullivan for prosecution.  <u>Id.</u> at 4; <u>see</u> <u>also</u> <u>Torres v.</u>

<u>Lytle</u>, 461 F.3d at 1306 (noting New Mexico State Police Officer Mr. Sanchez conducted the

investigation of Mr. Torres following Ralph Medina's receipt of Plaintiff's threatening letter).

Under Tenth Circuit case law, a § 1983 malicious prosecution claim includes the

following elements: (1) the defendant caused the Plaintiff's continued confinement or

prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause

supported the original arrest, continued confinement, or prosecution; (4) the defendant acted

with malice; and (5) the plaintiff sustained damages.  Novitsky v. City of Aurora, 491 F.3d 1244,

1258 (10th Cir. 2007) (citing Pierce v. Gilchrist, 359 F.3d 1279, 1291-97 (10th Cir. 2004)).  Mr.

Torres cannot meet the third or fourth element of his § 1983 malicious prosecution case with

respect to Mr. Sanchez because Plaintiff cannot show that Mr. Sanchez lacked probable cause to

investigate Plaintiff's criminal actions or refer the criminal case to the District Attorney and

cannot show that Mr. Sanchez acted with malice.  Mr. Torres was eventually convicted in the

witness intimidation case and the allegations in Plaintiff's original complaint with respect to Mr.

Sanchez do not indicate that the officer acted with malice.  "The standard of probable cause does

not require indisputable or necessarily convincing evidence, but only so much 'reasonably

trustworthy information' as 'to warrant a prudent man in believing that the [arrestee has]

committed or [is] committing an offense.'"  Easton v. City of Boulder, Colo., 776 F.2d 1441,

1450 (10th Cir. 1985), cert. denied, 479 U.S. 816 (1986) (quoting Beck v. Ohio, 379 U.S. 89, 91

(1964)).  The probable cause requirement is central to Mr. Torres' malicious prosecution claim,

"because not every arrest, prosecution, confinement, or conviction that turns out to have

involved an innocent person should be actionable."  Pierce, 359 F.3d at 1295.  Because Plaintiff

is unable to prove essential elements of his claim against Mr. Sanchez, it should be dismissed.

**D.      Defendant Joseph Salazar**

In his original complaint, Mr. Torres pleads only one fact pertaining to Officer Salazar:

"On June 15, 2004, Defendant, Joseph Salazar, on Preliminary Parole revocation hearing, which

was held at Rio Arriba County Jail, recommended that Plaintiff be sent back to prison" following

Plaintiff's May 25, 2004 arrest on a misdemeanor charge.  Plaintiff's original complaint at 8.

Plaintiff has therefore made no factual allegations against Mr. Salazar, who was or still is

employed by the State of New Mexico as a probation/parole officer, that can sustain a cause of

action based upon any violation of Plaintiff's constitutional rights.  Thus, the Court finds that

Mr. Salazar is entitled to qualified immunity.  See Pearson v. Callahan, 129 S.Ct. 808, 818

(2009).  Additionally, Mr. Torres' response to the Motions to Dismiss indicates that "Plaintiff

releases [Mr. Salazar] from any liability on grounds that this Defendant was in no way involved

in Plaintiff's malicious prosecution claim."  Docket no. 24 at 14.  Plaintiff's claims against Mr.

Salazar should therefore also be dismissed.

**WHEREFORE,**

**IT IS HEREBY RECOMMENDED** that "Defendants' First Motion to Dismiss

Plaintiff's Complaint" (docket no. 18) and Defendant Michael E. Vigil's "Motion to Dismiss

Complaint" (docket no. 20) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff Laybe Torres' original complaint

brought pursuant to 42 U.S.C. § 1983 (docket no. 1) should be **DISMISSED WITHOUT

PREJUDICE**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF

SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file

written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A

party must file any objections with the Clerk of the District Court within the ten day

period  if that party wants to have appellate review of the Proposed Findings and

Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____

UNITED STATES MAGISTRATE JUDGE